<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | **Crim. No. 94-00184 (SRC)** |
| KUAN MUHAMMED, | **OPINION** |
| Defendant. | |

<u>**CHESLER,**</u> District Judge

  Defendant Kuan Mohammed ("Defendant") seeks relief from a criminal judgment entered against him in 1994, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant argues that he saved the life of an inmate while serving his sentence and has undergone an "extraordinary change in character, attitude, and behavior that should be recognized." (Pet. at 3). The Government has filed a memorandum of law in opposition to Defendant's motion seeking relief. For the reasons set forth below, this Court denies Defendant's motion.

<u>**BACKGROUND**</u>

  On August 30, 1988, in the Superior Court of New Jersey, Essex County, Defendant was convicted of murder and sentenced to thirty years to life in prison. Defendant's conviction was reversed on March 4, 1992, and he was granted a new trial. Defendant pled guilty on June 9,

1

1993, and was sentenced to forty years in prison with a mandatory minimum of twenty years before parole eligibility.

Between December 1991 and July 1992, forty-eight bearer bonds, adding up to $240,000, were stolen from First Fidelity Bank in Newark, New Jersey.  These bonds were then delivered to Anthony Pope, Defendant's attorney in his murder case.  Mr. Pope sold the bonds to an officer at Dollar Savings Bank in Newark for $179,300.  One half of the money went to Mr. Pope, and one half went to Defendant.

On July 10, 1994, a jury found Defendant guilty on four counts of conspiracy to steal and convert bearer bonds, bank theft, and money laundering in violation of 18 U.S.C. § 371, 18 U.S.C. § 2113(b), and 18 U.S.C. § 1957.  Defendant was sentenced to 60 months for the conspiracy count and 78 months for the remaining three counts, to run concurrently with one another but consecutive to Defendant's state sentence for murder.  Defendant did not file an appeal.

Fifteen years later, Defendant filed a motion to vacate, set aside, or modify his federal sentence pursuant to 28 U.S.C. § 2255.  In his petition, Defendant argued that he had been provided ineffective assistance of counsel because his attorney in the money laundering conspiracy case, James Butler, had falsely told Defendant that he filed an appeal when no such appeal was filed.  Defendant claimed that in October 2005, the New Jersey Supreme Court Fee Arbitration Committee rendered a judgment for the return of half of Defendant's retainer because Mr. Butler misrepresented that he had filed an appeal.  Nevertheless, on June 4, 2008, Judge Debevoise dismissed Defendant's § 2255 petition because it was filed after the one-year statutory period and there was no reason for the statute of limitations to be equitably tolled.

Defendant filed the instant motion on October 31, 2013.

**DISCUSSION**

A.    **The Application of a Rule 60(b) Motion to a Criminal Case**

Defendant files a motion for relief under Federal Rule of Civil Procedure 60(b). According to Rule 1 of the Federal Rules of Civil Procedure, "[t]hese rules govern the procedure in the United States district court in all suits of civil nature." The Federal Rules of Civil Procedure thus apply to civil cases, and litigants can seek relief from a final judgment in a criminal case using Rule 60(b) only in limited circumstances. These circumstances include allegations of fraud or mistake during the collateral review proceedings and claims of newly discovered evidence. Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

When a motion filed pursuant to Rule 60(b) seeks to collaterally attack a petitioner's underlying conviction or sentence, rather than "the manner in which the earlier habeas judgment was procured .... the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Although there "may be no infallible test" to determine whether a motion filed pursuant to Rule 60(b) is actually a successive § 2255 petition "in 60(b)'s clothing," courts generally examine whether the "motion directly attack[s] the prisoner's conviction or sentence," or whether it "seek[s] a remedy for some defect in the collateral review process." Winestock, 340 F.3d at 207 (citing Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The former will "usually amount to a successive application," while the latter "will generally be deemed a proper motion to reconsider." Id.

If the motion filed pursuant to Rule 60(b) actually seeks relief that can only be afforded through § 2255, the court must then determine whether the petitioner has already sought habeas relief. Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner can only file

a successive application for collateral relief if he first "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the motion." In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255).  The court of appeals may grant certification only where a petitioner demonstrates "newly discovered evidence" that establishes the petitioner's innocence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h).

Here, Defendant requests "relief from [the] October 14, 1994 sentence judgment" because of his behavior in prison.  (Pet. at 3).  Defendant thus asks for relief from his original sentence, but brings no allegations of fraud, mistake, or newly discovered evidence.  Because he directly attacks his sentence without seeking to remedy a defect in collateral review, Defendant's 60(b) motion must be treated as a successive § 2255 petition.  Nevertheless, Defendant has not moved in the Third Circuit Court of Appeals for an order authorizing him to file a successive § 2255 motion.  This Court need not transfer the petition to the Court of Appeals to authorize Defendant's successive petition because no authorization is warranted – Defendant has not set forth new evidence showing his innocence and he has not discussed any new rule of constitutional law that applies.  Therefore, this Court must dismiss Defendant's motion as an improper successive petition.

      **B.     Rule 35 Sentence Modification**

The Court notes that, in addition to § 2255, a sentence may be modified under Rule 35 of the Federal Rules of Criminal Procedure.  Under the Rule, the Court may correct a sentence if (1) there was an "arithmetical, technical or other clear error" and it is within fourteen days after sentencing or if (2) the government moves to reduce the defendant's sentence because of defendant's "substantial assistance in investigation or prosecuting another person."  Here,

Defendant does not claim that any arithmetical, technical or other errors have been made, and the Government has not moved to reduce Defendant's sentence.  Instead, Defendant sets forth other reasons that he should be granted relief: first, he argues that he "acted courageously and assisted another inmate that led to saving [the other inmate's] life despite [Defendant's] present challenges while serving his sentence." (Pet. at 3).  Next, he argues that his "record and background demonstrate an extraordinary change in character, attitude, and behavior that should be recognized." (Pet. at 3).  Rule 35 is thus inapplicable here.  While it appears that Defendant has acted courageously and has experienced personal growth, this Court has no jurisdiction to modify a prisoner's sentence for behavior while in prison.  Thus, to the extent that Defendant's motion can be construed as a request to modify his sentence under Federal Rule of Criminal Procedure 35, that request must be denied as well.

## CONCLUSION

For all of the forgoing reasons, the Defendant's motion will be denied.  An appropriate Order follows.

      s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

Dated: June 12th, 2014